## COLLINS *v.* LEGG.

1. EJECTMENT. *Sheriff's return must show copy of declaration left.* In actions of ejectment it is imperative that a copy of the declaration be left with defendant, and this must be shown by the sheriff's return.

2. SAME. *Notice to landlord.* Suit may be brought against a tenant, but the law will not allow that he, by collusion with the plaintiff or neglect to notify the owner of the land, shall subject him to the loss of possession, without notice.

### FROM GRAINGER.

Writ of error from judgment in the Circuit Court of Grainger county. J. G. ROSE, J.

HENDERSON & JOUROLMAN for Collins.

SHIELDS & SON for Legg.

DEADERICK, C. J., delivered the opinion of the court.

This is an action of ejectment, instituted in the Circuit Court of Grainger county by the plaintiff against Legg, the tenant in possession of John Lafferty. The sheriff's return upon the summons was, that he had executed the writ "by reading it to Charles Legg." At the return term a judgment by default was entered against Legg. At a subsequent term of the court John Lafferty applied to the court to set aside the judgment by default, and allow him, as claimant of the land, to be substituted as defendant, with leave to make defense. In support of this motion, he made affidavit stating that at the time suit was brought one Epperson was his tenant, and Legg had removed from the land, and he had no knowledge of the judgment by default, or of the pendency of the suit, until after the default was taken, etc. The court allowed Lafferty to be made a defendant with leave to defend, which he did by pleading the general issue. At the next term of the court a judgment of *non pros.* was taken against the plaintiff and her suit was dismissed, and the cause is brought here by writ of error.

It does not appear that any copy of the declaration was "left with the defendant." This is imperative by sec. 3233 of the Code. The suit is commenced by summons and declaration (sec. 3230); and it was held in *Cravins* v. *Armour*, that it must ap-

pear from the sheriff's return upon the process in an action of ejectment that he served [left with the defendant] a copy of the declaration, in order to bring the defendant into court.    6 Yer., 467.

So, in *Conn* v. *Whiteside,* it was held, where a judgment by default in ejectment was taken, the tenant failing to give the landlord notice, the judgment may be set aside, after the expiration of the term, upon the application of the landlord.    6 Hum., 47.

That is substantially this case, and the reasons for the rule apply as well now as before the change made in the mode of bringing suit in ejectment by the act of 1852.

The suit may still be brought against a tenant, and the law will not allow that he, by collusion with the plaintiff or neglect to notify the owner of the land, shall subject him to the loss of possession without notice.

Let the judgment be affirmed.